IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOSHUA M. COVELL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 1:23-cv-00001 |
| BUCKY ROWLAND, Sheriff, et al., | ) ) JUDGE CAMPBELL |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

The Court is in receipt of a Complaint for violation of civil rights under 42 U.S.C. § 1983 (Doc. No. 1), signed and filed by Maury County Jail inmate Joshua Covell, and including the names of 20 other Jail inmates who are recorded as plaintiffs on the docket.[1] (*Id.* at 3.) Plaintiff Covell subsequently filed an Amended Complaint which purports to "add negligence" (Doc. No. 4) and a pleading which the Court construes as a Motion to Appoint Counsel. (Doc. No. 5.) Plaintiff Covell has also filed an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

Although the Complaint attaches a page containing the names of 20 other inmates under the heading "Lawsuit - Jail Conditions" (Doc. No. 1 at 3), its claims and requests for relief are personal to Plaintiff Covell, whose signature is the only one included in the certification and signature block of the Complaint (*id.* at 12), and who is the only movant for IFP status and for appointment of counsel. Pro se prisoners may not represent other prisoners, whether they be individual co-plaintiffs, *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989), or members of a purported class of plaintiffs. *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). Accordingly,

---

[1] Four of these inmates are no longer incarcerated at the Jail. (*See* Doc. Nos. 6–9.)

the Court regards Covell as the sole Plaintiff in this action, and the Clerk is **DIRECTED** to terminate all others named as such on the docket. Any other inmate so named who wishes to sue over conditions at the Maury County Jail must do so in a separate lawsuit.[2]

## I. THE FILING FEE

Although Plaintiff's IFP application attaches a statement that Jail officials are refusing to provide him with a printout of his trust fund account activity (Doc. No. 2-1), his financial affidavit includes a Jail official's certification that "Mr. Covell has $1.71 in his Inmate Account." (Doc. No. 2 at 2.) The IFP application thus substantially complies with the requirements of 28 U.S.C. § 1915(a) and demonstrates that Plaintiff lacks sufficient financial resources to pay the full filing fee in advance. The Court therefore **GRANTS** Plaintiff permission to proceed IFP. Accordingly, a $350 filing fee[3] is **ASSESSED** and shall be paid in installments, as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350

---

[2] *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 780–81 (E.D. Mich. 2009) (observing that, while "multiple-plaintiff prisoner litigation" may be permissible under federal joinder rules, denial of such permission as a matter of discretion may be appropriate because "prisoners are 'not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult'") (quoting *Boretsky v. Corzine*, No. 08-2265 (GEB), 2008 WL 2512916, at *6 (D.N.J. 2008)).

[3] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

2

filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. PLAINTIFF'S PLEADINGS

The Prison Litigation Reform Act requires the Court to conduct an initial screening of inmate filings. 28 U.S.C. § 1915A(b); *see id.* § 1915(e)(2)(B), 42 U.S.C. § 1997e(c). However, a preliminary examination of the original Complaint reveals that, as currently constituted, it cannot properly be screened because it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d at 780 (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017) (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009) (collecting circuit court cases and explaining that the "impulse . . .

3

toward entertaining the broadest scope of action . . . does not provide a plaintiff a free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated").

In this case, the Complaint combines Plaintiff's claims related to his allegedly unlawful surveillance, search, seizure of property, and arrest by Maury County Drug Task Force agents with claims related to the allegedly unconstitutional conditions of his confinement at the Jail by the Maury County Sheriff and the Sheriff's Department. As relief, Plaintiff seeks the dismissal of pending charges, the return of seized property, and "$1,000.00 per day for each day incarcerated for wrongful incarceration and/or living conditions violating TN regulations." (Doc. No. 1 at 7.) In his Amended Complaint—which does not "restate the entirety of the pleading with amendments incorporated" as required by Rule 15.01(b) of this Court's Local Rules—Plaintiff adds claims that he and another inmate were victimized by the arresting Drug Task Force agents' negligence, as well as allegations related to the unsanitary conditions at the Jail. (Doc. No. 4.)

Pleadings such as these are typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Put simply, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Entertaining Plaintiff's pleadings in their present form would flout the federal joinder rules and impermissibly complicate the litigation of this case.

4

## III. FURTHER ACTION

Accordingly, Plaintiff **MUST** file a proper amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert all the claims he has against a single defendant, regardless of whether the claims arise from the same incident or incidents; or, he can assert the claims he has against multiple defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to the claims of his current pleadings that fall outside the scope of this required amendment, Plaintiff may still pursue them but must file separate lawsuits to do so. *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he should use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case – **No. 1:23-cv-00001** – on his amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's order. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

With the case in this posture, Plaintiff's Motion to Appoint Counsel (Doc. No. 5) is **DENIED WITHOUT PREJUDICE** to renewal if warranted by future circumstances, after the case progresses beyond the pleading stage.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE